UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOUHAN RIVERA,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **AMENDED COMPLAINT** |
| -against- |  | 15 CV 2241 (RJS) |
|  |  | **Jury Trial Demanded** |
| CITY OF NEW YORK, NEW YORK CITY POLICE |  | ECF Case |
| DEPARTMENT, POLICE OFFICERS JOHN DOES, |  |  |

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS JOHN DOES,
Individually and in Their Official Capacities (members
of the New York City Police Department whose names
are presently unknown to Plaintiff),

                                                    Defendants.
------------------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, H. Benjamin Perez, Esq. of

H. Benjamin Perez & Associates, P.C., respectfully shows to the Court and alleges:

## JURISDICTION AND VENUE

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and

Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as

well as pursuant to the laws of the State of New York.

3.     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4.     Venue is appropriate pursuant to 28 U.S.C. Section 1391(b)(1).

5.     That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C.

Section 1367.

## NATURE OF ACTION

6.     Plaintiff brings this action for compensatory damages, punitive damages, an attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violation of his civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiff also asserts supplemental claims under New York law.

## JURY DEMAND

7.     Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.     That the plaintiff, JOUHAN RIVERA, is a 43 year-old resident of Springfield, Massachusetts. He is a United States citizen born in Puerto Rico.

9.     Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK ("NYC"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. NYC maintains and operates the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. NYC assumes the risk incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

10.    All "Police Officer John Does" Defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe Defendants are being sued in their individual and official capacities.

11.    At all relevant times herein, the individual Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and the opportunity to protect Plaintiff from

the unlawful actions of the other individual Defendants but each individual Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

12.     Each and all of the acts of the Defendants alleged herein were done by the Defendants, acting as state actor acting under the color of law.

## STATEMENT OF FACTS

13.     On October 22, 2013, Plaintiff accepted an invitation from friend and neighbor, Abner Reyes, to travel from Massachusetts to Bronx County, New York for purposes of visiting family. Plaintiff had family in Bronx County, New York that he had not seen for some time, so he agreed to take the ride with Mr. Reyes and visit his family members while Mr. Reyes visited his. Mr. Reyes picked Plaintiff up in Mr. Reyes's black Mazda and began the trip to New York.

14.     At approximately 7:00 P.M. on October 22, 2013, Plaintiff and Mr. Reyes arrived in Bronx County, New York. Unbeknownst to Plaintiff and Mr. Reyes, as they were traveling on the Cross Bronx Expressway the Defendants, law enforcement officers from a New York drug task force, began following them for no particular reason. The officers followed Plaintiff and Mr. Reyes off the highway and on to Jerome Avenue in the Bronx. At some point during this unprovoked and unjustified surveillance, Mr. Reyes's car ran a red light. Upon doing so, the officers and his team initiated a traffic stop of Mr. Reyes's car. Mr. Reyes immediately pulled over. At that point, there was no sign of any illegal activity on the part of Plaintiff or Mr. Reyes inside the car.

15.     One law enforcement officer, believed to be United States Drug Enforcement Administration (DEA) agent David Samilo, approached the passenger side door where Plaintiff was sitting and asked Plaintiff two questions: "Are you armed?" and "Do you have your papers, are you here legally?". Plaintiff understood the second question to mean whether or not Plaintiff

was in the United States legally or if he was an undocumented alien. Plaintiff informed agent Samilo that he was not armed and that he was a citizen of the United States. Agent Samilo asked Plaintiff and Mr. Reyes if there were any drugs or illegal weapons in the car, to which both men answered "No". At that point, agent Samilo ordered Plaintiff out of the car. When Plaintiff asked why he needed to exit the car agent Samilo responded, "You motherfucker! This is not your car, that's not your problem, and you are going to come out or I'll take you out!" Agent Samilo spoke to Plaintiff in Spanish. Upon being confronted in this manner, Plaintiff exited the car and was immediately placed in handcuffs. As he was being placed in handcuffs, Plaintiff informed agent Samilo that he had a serious hand injury and was in pain, but agent Samilo responded by tightening the cuffs further on Plaintiff's wrists and throwing Plaintiff into the back of a police vehicle. Plaintiff's repeated requests for an explanation as to what was going on and why he was being arrested were ignored by agent Samilo and the other officers present on the scene. As Plaintiff was being placed in handcuffs, he noticed unmarked law enforcement vehicle and New York City Police Department (NYPD) vehicles and officers taking part in the stop and arrest. NYPD vehicles were positioned on the street with their emergency lights flashing.

16.     Plaintiff was held at the scene in the back of the police van for over 45 minutes. In total, he was at the scene approximately an hour and a half. During the time Plaintiff was handcuffed waiting inside the police van, the Defendants were searching Mr. Reyes's car without consent. Up to that point, the Defendants had not seen or heard anything that would suggest there was any illegal contraband on Plaintiff's person or in Mr. Reyes's car. Eventually Plaintiff was driven to a building in New York County, possibly the New York division office of the DEA. During the ride to the office, Plaintiff repeatedly asked the officers why he was being arrested and where they were taking him. He was eventually told that he was being arrested and processed for

4

drugs.  Plaintiff knew nothing about any drugs and demanded that he be allowed to call his lawyer and probation officer.  Those requests were denied.

17.    Plaintiff was then put into a cell for about an hour and then ultimately strip searched. After the search Plaintiff was placed in a chair in a corner when, without provocation, Defendant Samilo walked up to Plaintiff, kicked him in the leg and began insulting and cursing at him. Defendant Samilo called Plaintiff a "stupid motherfucker", and told him that if Plaintiff does not tell them what he knows he would rot in jail.  Plaintiff repeatedly informed Defendant Samilo that he did not know what Defendant Samilo was talking about.

18.    That evening, Plaintiff was taken to Central Booking in New York County Criminal Court, where he was arraigned the following day, October 23, 2013, on the charges of Criminal Possession of a Controlled Substance in the First Degree, under New York Penal Law Section 220.21(1), and Criminal Possession of a Controlled Substance in the Third Degree, under New York Penal Law Section 220.16(1).  At the arraignment the criminal court judge set bail against Plaintiff in the amount of $75,000 cash or $150,000 bond.  Unable to post such high bail, Plaintiff was immediately transported to the Brooklyn Detention Center.  His case was adjourned for grand jury action to October 28, 2013.

19.    Because of Plaintiff's arrest in this case, a violation of his federal probation was issued. On December 17, 2013, federal United States marshals took Plaintiff into custody from the Brooklyn Detention Center and transported him to Massachusetts to answer the violation of probation triggered by his New York arrest.  During that time, Plaintiff's criminal case in New York County continued without presentation of the case to the grand jury.  Plaintiff spent approximately five months in federal custody on the violation of probation triggered by his New York arrest on October 22, 2013.  During those five months the federal judge handling the

Massachusetts violation of probation case repeatedly requested that the United States Attorney's office prosecuting the violation of probation communicate with the New York County District Attorney's Office in order to find out what evidence they had against Plaintiff. Up to that point, no lab report had been produced to confirm that drugs (specifically cocaine) had been found inside of the car Plaintiff had been traveling in on October 22, 2013 in New York. Thus, after waiting for over three months for proof showing that there was probable cause to believe Plaintiff had committed a crime, and nothing having been offered by the prosecutors in New York County, the federal judge ordered Plaintiff restored to probation and ordered him sent back to New York to finish fighting his criminal case.

20.     Finally, on April 18, 2014, Plaintiff was returned to New York so he could finish fighting his open New York County criminal case. After arriving in New York on April 18th, it took the New York County District Attorney's Office until May 7, 2014 to finally produce Plaintiff from the federal Metropolitan Detention Center in Brooklyn, to New York County Criminal Court. No valid excuse was given as to why it took the district attorney's office 19 days to finally have Plaintiff produced in New York County. When Plaintiff arrived in court on May 7, 2014, the district attorney's office still had not presented the case to the grand jury and had not presented any evidence in support of the felony drug charges against Plaintiff. On that date, Plaintiff's case was again adjourned for grand jury action. As a result, Plaintiff was sent to Rikers Island jail pending a final resolution of his case.

21.     Finally, on July 2, 2014 and after several court appearances, Plaintiff was produced in New York County Criminal Court at approximately 11:30 A.M., and was held in a small holding pen until approximately 4:30 P.M. without being brought before the judge. Late that afternoon the New York County District Attorney's Office abruptly dismissed all of the charges against

Plaintiff. As a result, Plaintiff's case was dismissed and sealed and he was ordered immediately released. Despite the dismissal of his case, however, Plaintiff was taken back to Rikers Island Jail, supposedly for purposes of processing him out of custody. Despite the full dismissal of his charges, Plaintiff was held in custody on Rikers Island for another six days with no reasonable explanation. Plaintiff was ultimately released from Rikers Island on July 8, 2014.

22.    At the time of his arrest on October 22, 2013, Plaintiff was an employee of the Coca-Cola Bottling Company as a vending machine technician. He was on disability after suffering a serious injury to his hands while working at his job. In a work related accident Plaintiff suffered a broken right hand and a lacerated left hand requiring 18 stitches. As a result of his injuries, Plaintiff was required to undergo months of physical therapy and was required to take various pain and anti-inflammatory medications. His therapy was ongoing at the time Plaintiff was unjustly arrested in New York on October 22, 2013.

23.    While in custody, Plaintiff received inadequate medical care for his injured hands and as a result, continues to suffer from pain and restricted mobility. During the time he was in custody on his New York case, Plaintiff made repeated requests for medical treatment and medication because his hand was becoming very swollen and painful. Throughout the entire time Plaintiff was in custody the medical treatment he received was limited. Plaintiff's inability to receive adequate therapy has caused prolonged pain to his hand. It was not until Plaintiff was finally released from jail on July 8, 2014 that he was able to begin receiving normal treatment for his hands.

24.    In defense of these charges Plaintiff had to hire an attorney, costing him and his family a total of $5,000.00 in legal fees.

25.     As a result of the foregoing, Plaintiff sustained, *inter alia*, mental injuries, emotional distress, loss of income and employment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

26.     That on September 24, 2014, a notice of claim was served on the City of New York, the New York City Police Department and the Comptroller of the City of New York on behalf of Plaintiff. To date, Plaintiff's demand for payment has not yet been addressed by the Defendants.

27.     That more than thirty days have elapsed since the service of the aforementioned notices of claims for the Plaintiff and that adjustment or payment thereof has been neglected or refused.

28.     That the state claim in this cause of action is commenced within one year and ninety days of when this cause of action arose as to Plaintiff and that the federal claims are brought in a timely manner within three years of the date they accrued.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
## FALSE ARREST

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30.     That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that Plaintiff was subject to being falsely arrested by the Defendants.

31.     That the Defendants confined the Plaintiff, in that Plaintiff was not free to leave, Defendants intended to confine Plaintiff, Plaintiff was conscious of confinement, Plaintiff did not consent to confinement and confinement was not otherwise privileged.

32.     As a direct result of the Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly Plaintiff's right to be free from arrest without probable cause.

33.     That the said false arrest was caused by the Defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the Plaintiff was in fact guilty of crimes.

34.     That the several Defendants who knew of the false arrest and allowed the illegal detention of the Plaintiff to commence and continue, are liable to the Plaintiff via their failure to act pursuant to their affirmative duty to intervene.

35.     That by reason of the false arrest, the Plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, emotional distress, physical damage to his hand, and he incurred attorneys' fees, loss of employment, and loss of income.

36.     That by reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, and he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
MALICIOUS PROSECUTION**

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

38.     That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that the Plaintiff was maliciously prosecuted by the Defendants.

39.     That the said malicious prosecution was initiated by the Defendants, their agents, servants and employees, without any legal justification and without probable cause in that the Defendants caused the commencement and continuation of criminal proceedings against the Plaintiff, the proceedings ultimately terminated in favor of the Plaintiff via a dismissal of all the false charges and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

40.     That by reason of the malicious prosecution, the Plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, emotional distress, physical damage to his hand, and he incurred attorneys' fees, loss of employment, and loss of income.

41.     That Defendants, the police officers of the NYPD involved in Plaintiff's arrest, as well as the Defendant City of New York, specifically, the New York County District Attorney's Office, who knew of the malicious prosecution and who continued to allow and/or participate in the prosecution of the Plaintiff and who either directly participated in the violation of Plaintiff's rights, or who after learning of the violation failed to remedy the wrong are liable to the Plaintiff for the violation of his rights pursuant to the Fourth Amendment.

42.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, and he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**THE LAW OF THE STATE OF NEW YORK VIA A**
**MALICIOUS PROSEUCTION**

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44.     That Plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious prosecution by the Defendants.

45.     That the defendant NYC is vicariously liable to the Plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

46.     That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

47.     That the said malicious prosecution was initiated by the Defendants, their agents, servants and employees, without any legal justification and without probable cause in that the Defendants caused the commencement and continuation of criminal proceedings against the Plaintiff, the proceedings ultimately terminated in favor of the Plaintiff via a dismissal and in that the action was commenced and continued intentionally, with malice and with deliberate indifference to Plaintiff's rights.

48.     That by reason of the unlawful malicious prosecution, the Plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, emotional distress, physical damage to his hand, and he incurred attorneys' fees, loss of employment, and loss of income.

49.     That by reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOALTION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**
**VIA EXCESSIVE AND UNREASONABLE FORCE**
**AND UNREASONABLE TERMS OF HIS CONFINEMENT**

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51.    That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Plaintiff was unlawfully subjected to excessive and unreasonable force by the Defendants, as well as to unreasonable terms and conditions of his confinement by the Defendants.

52.    That the said behavior was effected by the Defendants without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without Plaintiff's consent, with malice and with intent to inflict pain and suffering.

53.    That the Defendants either intentionally carelessly held up the Plaintiff's release documents, thereby causing Plaintiff to languish in jail for an additional six days after Plaintiff's case had been completely dismissed and sealed.

54.    As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States constitution. Being more particular, Plaintiff's right to be free from the use of excessive and unreasonable force and unreasonable terms and conditions of his confinement.

55.    That by reason of the violations of his Constitutional rights the Plaintiff was harmed physically, as he suffered additional injury to his hands and he was harmed emotionally, suffering humiliation, embarrassment, anxiety, pecuniary harms, great indignities, humiliation, and emotional distress.

56.    That by reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, and he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOALTION OF THE PLAINTIFF'S DUE PROCESS RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

58.     Defendants, acting in concert and within the scope of their authority, were deliberately indifferent to Plaintiff's serious medical needs, causing him to suffer unnecessary infliction of pain, in violation of Plaintiff's due process rights to medical treatment in those circumstances under the Fourteenth Amendment to the United States Constitution.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOALTION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
## FOR FAILURE TO INTERVENE

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

60.     Each individual Defendant had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated, but failed to intervene to prevent the unlawful conduct, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

    WHEREFORE, Plaintiff demands the following relief jointly and severally against all the Defendants:

    a.  Compensatory damages in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS;

    b.  Punitive damages in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS

c. Reasonable attorneys' fees and costs of this litigation; and

d. Such other relief as this Court deems just and proper.

DATED: NEW YORK, NEW YORK
      September 3, 2015

Respectfully submitted,

H. Benjamin Perez, Esq.
H. BENJAMIN PEREZ & ASSOCIATES, P.C.
*Attorneys for Plaintiff* JOUHAN RIVERA
111 Broadway, Suite 706
New York, NY 10006
Tel: (212) 226-8426
Fax: (212)226-8496
Ben@hbplawyers.com

VERIFICATION


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:          September 3, 2015

Jouhan Rivera